

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

_____/

MDL Docket No. _____

### FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND
### COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

**OFFICIAL FILE COPY**



IMAGED APR 2 2007

Dockets.Justia.com

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida ("Troiano" or "Movant"), files this Motion and respectfully moves for an Order transferring all related pending actions against Menu Foods, Inc. and its related partners, affiliates and subsidiaries (the "Defendants"), including the actions listed on Schedule of Actions, to the Southern District of Florida.

As set forth below and in the accompanying Memorandum, Troiano believes the actions listed on the accompanying Schedule of Actions, and any future tag-along actions, satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this motion, Movants state as follows:

1.      Movant is the plaintiff in the following case: *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN which is currently pending in the United States District Court for the Southern District of Florida.

2.      Movant is currently aware of six other pending class action cases containing similar factual allegations and seeking similar relief against the Defendants. The cases are listed on the attached Schedule.

3.      Accompanying Movant's Motion is a Rule 7.2(a)(ii) Schedule of Actions listing all related actions of which Movant is aware. True and correct copies of the complaints in Movant's action and the complaints in each of the related actions are attached to the accompanying Schedule of Actions, filed herewith

2

4.    As described in greater detail in the accompanying Memorandum, the factual allegations in each of the actions contain similar allegations regarding Defendants and their defective and ultimately deadly pet food. Each action contends that from December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food that was defective and, for thousands of household pets, deadly -- Defendants' pet food and pet food products (the "Products") were contaminated with rat poison or a related agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, each action contends that the Plaintiffs and members of the putative Class suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

5.    Each action further contends that Defendants should have known or know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a recall of some of the Products.

6.    A centralization of all actions in the Southern District of Florida will be for the convenience of parties and witnesses under 28 U.S.C. § 1407 and will save Defendants the burden of having to defend virtually identical actions in multiple states. Witnesses will also be spared the possibility of being required to testify in several locales.

7.    Because each of these related cases arises from a virtually identical set of operative facts relating to Defendants' conduct, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses.

8.     Absent transfer of all of these cases to a single forum for coordinated and consolidated proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification. Coordination and consolidation will promote the just and efficient conduct of the actions, because it will allow one court to address Defendants' ongoing conduct.

9.     Centralization in the Southern District of Florida will also promote the just and efficient conduct of this litigation under 28 U.S.C. § 1407 as more fully set forth in the attached Memorandum.

10.     These actions have all been filed on or after March 19, 2007, and are still in their nascent stages. Movant is not aware of any discovery conducted to date, and know of no initial disclosures that have been made in any of these cases. A transfer of these related cases will result in only one judge supervising discovery and resolving any subsequent motions, including motions for class certification.

11.     Since all actions are in the beginning stage of the litigation, no prejudice or inconvenience would result from transfer, coordination and/or consolidation.

12.     A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a suitable forum. According to the Distribution of Pending MDL Dockets as of March 26, 2007, there is only one pending MDL proceeding in the Southern District of Florida, and numerous judges who have the experience to handle MDL's (*See* Distribution of Pending MDL Dockets as of March 26, 2007, Ex. A.).

13.     For these reasons, and as set forth more fully in the accompanying memorandum, Movant respectfully requests that the Panel enter an Order consolidating and coordinating the actions

4

identified on the accompanying Schedule together with any related actions subsequently filed or

presently unknown to Movant for proceedings in the Southern District of Florida.

Respectfully submitted,

DATED: March 28, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

For

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\Motion for MDL (final).doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS          MDL Docket No. _____
LIABILITY LITIGATION
_____/


## FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR
## CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407


Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Counsel for Florida Plaintiff Christina Troiano*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2007 MAR 29 A 10: 3

RECEIVED
CLERK'S OFFICE

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, Plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, CASE NO. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida. Plaintiff Christina Troiano ("Troiano" or "Movant"), respectfully submits this Memorandum in Support of Florida Plaintiff Christina Troiano's Motion for Transfer and Coordination or Consolidation. For the reasons set forth below, Movant's lawsuit and the related lawsuits identified in the accompanying Schedule of Actions should be transferred to and consolidated in the Southern District of Florida.

## I. INTRODUCTION

Troiano brings her class action to remedy the harm caused by the defective and deadly pet food manufactured and placed into the stream of commerce by Menu Foods, Inc. and its affiliates, partners and subsidiaries (collectively, the "Menu Foods Defendants" or "Defendants"). Defendants are the leading North American private label/contract manufacturer of wet pet food products (the "Products") sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger, PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers of pet food annually.

Defendants design, manufacture, market, advertise and warrant their pet food Products. In conjunction with each sale, Defendants market, advertise and warrant that the Products are fit for the ordinary purpose for which such goods are used – consumption by pets – and are free from defects. Defendants produce the pet food Products intending that consumers will purchase the pet food products, regardless of brand or label name, place of purchase, or the location where pets actually consume them. The pet food Products are placed in the stream of commerce and distributed and

offered for sale and sold to Troiano and purchasers in Florida and the United States and fed to their pets.

From December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food Products that were deadly and defective – Defendants' pet food and pet food Products were potentially contaminated with rat poison or some other agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, Troiano and members of the putative Class have suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

Defendants know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a nationwide recall of some of the Products. Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the Products by Defendants last month after the Defendants received complaints the Products were poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products.

## II.    HISTORY OF THE PENDING LAWSUITS

The related actions, identified in the accompanying Schedule of Actions present common questions of law and fact, common defendants, and are brought on behalf of overlapping classes (*i.e.*, all persons and entities who suffered damages due to Defendants' defective pet food and pet food Products). Transfer and consolidation of all existing actions, and all subsequently filed related cases, to the Southern District of Florida will best serve the convenience of the parties and witnesses

and promote the just and efficient conduct of the litigation. Each related action is briefly discussed below.

On or about March 19, 2007, Tom Whaley, individually and on behalf of others similarly situated, filed the class action styled *Whaley v. Menu Foods, Inc., et. al.,* Case No. 2:07-cv-00411, in the United States District Court for the Western District of Washington (the "*Whaley* Action"). This complaint seeks damages and equitable relief for breach of contract, unjust enrichment, deceptive and unfair business practices, breach of warranties and negligent misrepresentation on behalf of a class of all persons who purchased any dog or cat food which was produced by the Defendants and/or has had a dog or cat become ill as a result of eating the food.

Also on March 19, 2007, Lizajean Holt, individually and on behalf of others similarly situated, filed the class action styled *Holt v. Menu Foods, Inc.,* Case No. 3:07-cv-00094, in the United States District Court for the Eastern District of Tennessee (the "*Holt* Action"). This complaint likewise seeks damages and equitable relief for deceptive and unfair business practices, breach of warranties and negligence on behalf of a class of all persons in the United States who purchased or fed his, her, or their cat(s) or dog(s) pet food produced or manufactured by Defendants that was or will be recalled by the Defendants, including that produced fro December 3, 2006 up to and including March 6, 2007.

On or about March 20, 2007, Dawn Majerczyk, individually and on behalf of others similarly situated, filed the class action styled *Majerczyk v. Menu Foods, Inc.,* Case No. 1:07-cv-01543, in the United States District Court for the Northern District of Illinois (the "*Majerczyk* Action"). This complaint seeks damages and injunctive relief for breach of warranties and negligence on behalf of a class of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall.

4

On or about March 21, 2007, Charley Ray Sims and Pamela Sims, on behalf of themselves and all others similarly situated, filed the class action styled *Sims, et. al. v. Menu Foods Income Fund, et. al.,* Case No. 5:07-cv-05053, in the District Court for the Western District of Arkansas (the "*Sims* Action"). This complaint seeks damages for strict liability, fraud, breach of express and implied warranties and negligence on behalf of a class of (1) all persons or entities who purchased Menu Food brands at any time and disposed of or will not use the products based on publicity surrounding the safety and recall of the products; (2) all persons or entities who purchased Menu Foods products and fed products to their pets on or since December 6, 2006; and (3) all persons or entities who purchased Menu Food products from wholesale distributors on or since December 6, 2006.

On or about March 23, 2007, Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Workman, et. al. v. Menu Foods Limited, et. al.,* Case No. 1:07-cv-01338, in the District Court for the District of New Jersey (the "*Workman* Action"). This complaint seeks damages for breach of express and implied warranties and negligence on behalf of a class of all persons in the United States who purchased any of the pet food brands manufactured by Defendants during the period commencing December 3, 2006, and ending March 6, 2007.

Also on March 23, 2007, Richard and Barbara Widen, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Widen, et. al. v. Menu Foods, et. al.,* Case No. 5:07-cv-05055, in the District Court for the Western District of Arkansas (the "*Widen* Action"). This complaint seeks damages for strict liability and negligence on behalf of a class of all persons in the United States who purchased contaminated pet food from Wal-Mart that was produced by Menu Foods.

On March 26, 2007, Troiano, individually, and on behalf of all others similarly situated, filed her Complaint against Defendants alleging claims for negligence, breach of warranties, strict liability, and unjust enrichment.

## III.    ARGUMENT

In view of the facts outlined above, and the jurisprudence regarding multidistrict litigation set forth below, these cases should be centralized in the United States District Court for the Southern District of Florida.  Transfer and consolidation is essential to permit the efficient and non-duplicative handling of these cases and the Southern District of Florida is the most appropriate venue for this multidistrict litigation.

### A.    The Similarity of These Class Actions Warrants Coordination and Consolidation

28 U.S.C. § 1407(a) authorizes the transfer of multiple civil actions pending in various federal districts to a single federal district court when the actions involve "one or more common questions of fact . . . ."  Moreover, transfer is necessary "in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to whether the actions should proceed as [class actions] . . . ." *In re Starmed Health Personnel, Inc. Fair Labor Standards Act Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *see also In re Comp. of Managerial Prof'l and Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d 1374, 1375 (J.P.M.L. 2002) (noting that centralization is "necessary in order to... prevent inconsistent pretrial rulings (especially with regard to class certification issues")).

The requirements for transfer under section 1407 are easily satisfied here.  As discussed above, each of these pending cases (i) purport to represent a large class of individuals and/or entities who were damaged by defective and deadly pet food marketed, manufactured and/or distributed by the Defendants, (ii) assert the same or similar claims against the Defendants, and (iii) seek to recover

losses based upon those damages caused by the Defendants. To separately litigate each pending case (and subsequently filed related cases) would waste resources and present the danger of inconsistent pretrial rulings. Consolidation of these cases is particularly critical because these related actions seek class action status on behalf of the same class or overlapping classes and, as a result, there is a significant potential for conflicting or inconsistent rulings on class certification issues. Accordingly, centralization and consolidation pursuant to 28 U.S.C. § 1407 is warranted.

The consolidation and transfer of these cases would further promote the efficient adjudication of these actions. As the class actions alleged in these related cases are similar if not identical, the discovery needed in each of these pending cases will unquestionably be duplicative. To have the parties engaged in duplicative discovery in multiple complex class actions would be singularly inefficient and an unnecessary burden on the judicial system and the parties. These factors again all weigh heavily in favor of consolidating and coordinating these cases.

**B.    The Southern District of Florida Is the Proper Forum for These Coordinated Proceedings**

Numerous factors may be considered by the Panel in determining the most appropriate transferee forum, including "convenience of the parties and witnesses." *See In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 86 (J.P.M.L. 1993). Here, the balance of relevant factors weighs strongly in favor of transferring these actions to the Southern District of Florida due to its convenient location, large concentration of putative class members, experience in handling MDL proceedings, and lack of pending MDL cases.

**1.    The Southern District of Florida Is as Appropriate as Any Other Forum for the Parties and Witnesses**

The convenience of the parties and witnesses is a critical factor in determining to which district related actions should be transferred. *See* 28 U.S.C. § 1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be

for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). In deciding whether a particular forum is convenient, the Panel examines factors such as: where the first filed and most advanced cases are pending; the location of the parties, documents and potential witnesses relative to that district; and the location where the majority of actions have been brought. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984).

The Defendants in the multiple class actions are a Canadian business entity and its United States subsidiaries and/or affiliates, as well as certain other Defendant-distributors of the defective products. Each of these entities is headquartered and/or incorporated in different jurisdictions, including Canada, New Jersey, and Delaware. Of the seven lawsuits currently pending, one is pending in the Western District of Washington, one is pending in the Eastern District of Tennessee, one is pending in the Northern District of Illinois, two are pending in the Western District of Arkansas, on is pending in the District Court for the District of New Jersey, and one is pending in the Southern District of Florida. Further, upon information and belief, Defendants conduct business, and potentially have caused damages to purported class members, in all fifty states. Thus, there is no central forum that would be more convenient over any others in terms of the locations of parties, documents, and potential witnesses.

### 2. The Accessibility of the Southern District of Florida Warrants Transfer

While there will be a large number of class members residing in Florida, Troiano anticipates that parties to this litigation will come from all across the country and not one centralized region. Those parties residing outside of Florida will find the courthouses in the Southern District of Florida convenient and accessible by all forms of transportation. The multiple federal courthouses in the Southern District of Florida – in, among other place, Miami, Fort Lauderdale and West Palm Beach – are all in very close proximity to airports that have direct flights on many airlines to

8

numerous cities across the United States. Traveling from the airport to the courthouse is also simple due to the varieties of ground transportation available. *See In re Comp. of Managerial, Prof'l and Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d at 1375 (transferring cases to the District of New Jersey and noting that the District of New Jersey is an "accessible" metropolitan location that is geographically convenient for litigants and counsel). On balance, the accessibility factor favors transfer of the related actions in the Southern District of Florida.

| 3. | The Southern District of Florida Has the Capacity and Expertise to Handle these Related Cases |

A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a highly suitable forum. The judges of the Southern District of Florida have vast experience in Multidistrict litigation, having brought to termination a total of 24 cases through September 30, 2006.[1] Yet, as of March 26, 2007, the Southern District of Florida only had only one pending MDL proceeding, which is nearly in an inactive stage. Thus, while the Southern District of Florida is well versed in the nuances of Multidistrict litigation, the Southern District would not be overburdened with similar cases if these actions were transferred there.

| C. | No Party Is Prejudiced by the Transfer and Consolidation of These Lawsuits |

Each of the related lawsuits is in its infancy. To Movant's knowledge, no party has served discovery, filed disclosures or engaged in substantive motion practice regarding these lawsuits. Because these related cases are all in their early stages, no party will be prejudiced by the transfer to the Southern District of Florida. Furthermore, since no discovery has occurred, an Order transferring

---

[1]     Multidistrict Litigation Terminated Through September 30, 2006, available at *http://www. jpml.uscourts.gov/Statistics/TerminatedDocketsThroughSeptember2006.pdf*, viewed on March 26, 2007.

these cases to the Southern District of Florida can truly eliminate the expenses associated with the duplicative discovery that would otherwise occur in District Courts across the country.

## IV.    CONCLUSION

For the reasons discussed above, the Plaintiff respectfully request that the related actions identified on the accompanying Schedule of Actions, and any tag-along actions, be transferred to and consolidated in the Southern District of Florida.  Accordingly, the Plaintiff respectfully request that this Panel enter an Order transferring the related actions, and any future related actions, to the Southern District of Florida.

Respectfully submitted,

DATED:  March 2 8, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)

10

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\MEM Support MDL Motion (final).doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

_____/

MDL Docket No. _____

### SCHEDULE OF ACTIONS IN SUPPORT OF FLORIDA PLAINTIFF CHRISTINA
### TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE
### ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

2007 MAR 29 A 10: 30
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS

| Case Caption | Date Filed | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| **Plaintiffs:** Tom Whaley **Defendants:** Menu Foods, The Iams Company, Dog Food Producers Number 1-50, Cat Food Producers 1-40 | March 19, 2007 | W.D. Washington | 2:07-cv-00411 | Ricardo S. Martinez |
| **Plaintiffs:** Lizajean Holt **Defendants:** Menu Foods, Inc. | March 19, 2007 | E.D. Tennessee | 3:07-cv-00094 | Thomas W. Phillips |
| **Plaintiffs:** Dawn Majerczyk **Defendants:** Menu Foods, Inc. | March 20, 2007 | N.D. Illinois | 1:07-cv-01543 | Wayne R. Anderson |
| **Plaintiffs:** Charles Ray Sims, Pamela Sims **Defendants:** Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. | March 21, 2007 | W.D. Arkansas | 5:07-cv-05053 | Jimm Larry Hendren |
| **Plaintiffs:** Richard Scott Widen, Barbara Widen **Defendants:** Menu Foods, Menu Foods Income Fund, Menu Foods General Partnership Limited, Menu Foods Limited | March 23, 2007 | W.D. Arkansas | 5:07-cv-05055 | Robert T. Dawson |

2

| | | | | |
|---|---|---|---|---|
| Partnership, Menu Foods Operating Partnership, Menu Foods Midwest | | | | |
| **Plaintiffs:** Jared Workman, Mark Cohen, Mona Cohen **Defendants:** Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corporation | March 23, 2007 | D. New Jersey | 2:07-cv-00411 1352 | Noel L. Hillman |
| **Plaintiffs:** Christina Troiano **Defendants:** Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corporation | March 26, 2007 | S.D. Florida | 0:07-cv-60428 | James I. Cohn |

DATED: March 28 , 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

For

_____
        STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)


KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\MDL Motion for Transfer Schedule.doc

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS PET FOOD LITIGATION                    MDL Docket No. _____

_____/

### CERTIFICATE OF SERVICE

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364

***Counsel for Florida Plaintiff Christina Troiano***

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2007 MAR 29 A 10: 30

RECEIVED
CLERK'S OFFICE

I, James L. Davidson, hereby declare as follows:

I am employed by Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 120 E. Palmetto Park Road, Suite 500, Boca Raton, Florida 33432. I am over the age of eighteen years and not a party to this action. On March 28, 2007, I served the following documents:

1.  **FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407;**

2.  **FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407;**

3.  **SCHEDULE OF ACTIONS IN SUPPORT OF FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407; and**

4.  **CERTIFICATE OF SERVICE.**

on:

<b>SEE ATTACHED SERVICE LIST "A"</b>

__X__ by placing the document(s) listed above for collection and mailing following the firm's ordinary business practices in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Boca Raton, Florida addressed as set forth on the attached service list.

I further certify and declare that I caused the above documents to be delivered by the same means to the clerks of the following courts affected by the Motion for Transfer and Consolidation:

<b>SEE ATTACHED SERVICE LIST "B"</b>

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct, executed this __28__ day of March, 2007, at Boca Raton, Florida.

James L. Davidson

2

## IN RE MENU FOODS PET FOOD LITIGATION

### SERVICE LIST "A"

| | |
|---|---|
| Paul J. Geller<br>Stuart A. Davidson<br>James L. Davidson<br>**LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP**<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432-4809<br>Telephone: (561) 750-3000<br>Facsimile: (561) 750-3364<br>*Attorneys for Florida Plaintiff Christina Troiano*<br><br>Lawrence Kopelman<br>**KOPELMAN & BLANKMAN**<br>350 E. Las Olas Blvd., Suite 980<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 462-6855<br>Facsimile: (954) 462-6899<br>*Attorneys for Florida Plaintiff Christina Troiano* | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant*<br><br>Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant* |

WHALEY v. MENU FOODS, ET AL.
Case No.: 2:07-cv-00411-RSM
USDC, Western District of Washington

| | |
|---|---|
| Michael David Myers<br>**MYERS & COMPANY, P.L.L.C.**<br>1809 Seventh Avenue, Suite 700<br>Seattle, WA 98101<br>Telephone: (206) 398-1188<br>Facsimile: (206) 400-1112<br>*Attorneys for Plaintiff Tom Whaley* | Menu Foods<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>The Iams Company<br>c/o Registered Agent - Joseph A. Stegbauer<br>Attn: Corporate Secretary<br>One Procter & Gamble Plaza C-2<br>Cincinnati, OH 45202<br>*Defendant* |

HOLT v. MENU FOODS, INC.
Case No.: 3:07-cv-00094
USDC, Eastern District of Tennessee

| | |
|---|---|
| A. James Andrews<br>905 Locust Street<br>Knoxville, TN 37902<br>Telephone: (865) 660-3993<br>Facsimile: (865) 523-4623<br>*Attorneys for Plaintiff Lizajean Holt* | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |

| | |
|---|---|
| Nicole Bass<br>905 Locust Street<br>Knoxville, TN 37902<br>Telephone: (865) 310-6804<br>*Attorneys for Plaintiff Lizajean Holt*<br><br>Perry A. Craft<br>**CRAFT & SHEPPARD, PLC**<br>214 Centerview Drive, Suite 233<br>Brentwood, TN 37027<br>Telephone: (615) 309-1707<br>Facsimile: (615) 309-1717<br>*Attorneys for Plaintiff Lizajean Holt* | |

MAJERCZYK v. MENU FOODS, INC.
Case No.: 1:07-cv-01543
USDC, Northern District of Illinois

| | |
|---|---|
| John Blim<br>Jay Edelson<br>Myles McGuire (Of Counsel)<br>**BLIM & EDELSON, LLC**<br>53 West Jackson Blvd., Suite 1642<br>Chicago, IL 60604<br>Telephone: (312) 913-9400<br>Facsimile: (312) 913-9401<br>*Attorneys for Plaintiff Dawn Majerczyk* | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |

SIMS v. MENU FOODS INCOME FUND, ET AL.
Case No.: 5:07-cv-05053-JLH
USDC, Western District of Arkansas

| | |
|---|---|
| Jason M. Hatfield<br>**LUNDY & DAVIS, L.L.P.**<br>300 N. College Avenue, Suite 309<br>Fayetteville, AR 72701<br>Telephone: (479) 527-3921<br>Facsimile: (479) 587-9196<br>*Attorneys for Plaintiffs Charles Ray Sims<br>and Pamela Sims* | Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Midwest Corporation<br>c/o Registered Agent - The Corporation Trust Co.<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods South Dakota, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant* |

<table>
<tr><td></td><td>Menu Foods Holdings, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods, Inc.<br>c/o Registered Agent<br>Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>*Defendant*</td></tr>
</table>

WIDEN v. MENU FOODS, ET AL.
Case No.: 5:07-cv-05055-RTD
USDC, Western District of Arkansas

<table>
<tr><td>Jeremy Y. Hutchinson<br>Jack Thomas Patterson II<br>**PATTON, ROBERTS, MCWILLIAMS**<br>**& CAPSHAW, L.L.P.**<br>Stephens Building<br>111 Center Street, Suite 1315<br>Little Rock, AR 72201<br>Telephone: (501) 372-3480<br>Facsimile: (501) 372-3488<br>*Attorneys for Plaintiffs Richard Scott Widen*<br>*and Barbara Widen*<br><br>Richard Adams<br>James C. Wyly<br>Sean F. Rommel<br>**PATTON, ROBERTS, MCWILLIAMS**<br>**& CAPSHAW, L.L.P.**<br>Century Bank Plaza, Suite 400<br>P.O. Box 6128<br>Texarkana, TX 75505-6128<br>Telephone: (903) 334-7000<br>Facsimile: (903) 334-7007<br>*Attorneys for Plaintiffs Richard Scott Widen*<br>*and Barbara Widen*</td><td>Menu Foods<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant*<br><br>Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Gen Par Limited<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Limited Partnership<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Operating Partnership<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*</td></tr>
</table>

| | Menu Foods Midwest Corporation<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Menu Foods South Dakota<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Menu Foods, Inc.<br>c/o Registered Agent<br>Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ  08628<br>*Defendant*<br><br>Menu Foods Holdings, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Wal-Mart Stores, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant* |

WORKMAN, ET AL. v. MENU FOODS LIMITED, ET AL.
Case No.: 1:07-cv-01338-NLH-AMD
USDC, District of New Jersey

| | |
|---|---|
| Donna Siegel Moffa<br>Lisa J. Rodriguez<br>**TRUJILLO RODRIGUEZ & RICHARDS, LLC**<br>8 Kings Highway West<br>Haddonfield, NJ  08033<br>Telephone: (856) 795-9002<br>Facsimile: (856) 795-9887<br>*Attorneys for Plaintiffs Jared Workman, and*<br>*Mark and Mona Cohen* | Menu Foods Limited<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods, Inc.<br>9310 Griffith Morgan Lane<br>Pennsauken, NJ  08110<br>*Defendant* |

| | |
|---|---|
| Robert A. Rovner<br>Jeffrey I. Zimmerman<br>**ROVNER, ALLEN, ROVNER, ZIMMERMAN<br>& NASH**<br>175 Bustleton Pike<br>Feasterville, PA 19053-6456<br>Telephone: (215) 698-1800<br>*Attorneys for Plaintiffs Jared Workman, and<br>Mark and Mona Cohen*<br><br>Sherrie R. Savett<br>Michael T. Fantini<br>Russell D. Paul<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>*Attorneys for Plaintiffs Jared Workman, and<br>Mark and Mona Cohen* | Menu Foods Midwest Corporation<br>P.O. Box 1046<br>1400 East Logan Avenue<br>Emporia, KS 66801<br>*Defendant* |

7

**IN RE MENU FOODS PET FOOD LITIGATION**

**SERVICE LIST "B"**

| CASE | CLERK |
|------|-------|
| Whaley v. Menu Foods, et al.<br>Case No.: 2:07-cv-00411-RSM<br>USDC, Western District of Washington | USDC, Western District of Washington<br>U.S. Courthouse<br>700 Stewart Street<br>Seattle, WA 98101 |
| Holt v. Menu Foods, Inc.<br>Case No.: 3:07-cv-00094<br>USDC, Eastern District of Tennessee | USDC, Eastern District of Tennessee<br>Howard H. Baker Jr. U.S. Courthouse<br>800 Market Street, Suite 130<br>Knoxville, TN 37902 |
| Majerczyk v. Menu Foods, Inc..<br>Case No.: 1:07-cv-01543<br>USDC, Northern District of Illinois | USDC, Northern District of Illinois<br>Everett McKinley Dirksen Building<br>219 South Dearborn Street<br>Chicago, IL 60604 |
| Sims v. Menu Foods Income Fund, et al.<br>Case No.: 5:07-cv-05053-JLH<br>USDC, Western District of Arkansas | USDC, Western District of Arkansas<br>John Paul Hammerschmidt Federal Building<br>35 East Mountain Street, Suite 510<br>Fayetteville, AR 72701-5354 |
| Widen v. Menu Foods, et al.<br>Case No.: 5:07-cv-05055-RTD<br>USDC, Western District of Arkansas | USDC, Western District of Arkansas<br>John Paul Hammerschmidt Federal Building<br>35 East Mountain Street, Suite 510<br>Fayetteville, AR 72701-5354 |
| Workman, et al. v. Menu Foods Limited, et al.<br>Case No.: 1:07-cv-01338-NLH-AMD<br>USDC, District of New Jersey | USDC, District of New Jersey<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets, Room 1050<br>Camden, NJ 08101 |

G:\jdavidson\Menu Foods\Pleadings\CERT Service MDL Motion for Transfer.doc