Hill Wallack LLP
Attorneys at Law
CN 5226
202 Carnegie Center
Princeton, NJ 08543-5226
(609) 924-0808
Attorneys for Defendants
Menu Foods, Inc., Menu Foods Income Fund,
Menu Foods Midwest Corporation, and
Menu Foods South Dakota, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE HIDALGO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MENU FOODS INC., MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, and MENU FOODS SOUTH DAKOTA INC.<br><br>Defendants. | Civil Action No.: 07-cv-01488 (NLH)<br><br>STIPULATION AND [PROPOSED] ORDER STAYING ALL PROCEEDINGS AND FOR PRESERVATION OF EVIDENCE |

This matter being presented to the Honorable Noel L. Hillman of the United States District Court for the District of New Jersey sitting in Camden, New Jersey by Gerard H. Hanson, Esquire on behalf of the moving party defendants; and the interests of the plaintiff being represented by Joseph J. DePalma, Esquire on behalf of Lite DePalma Greenberg & Rivas, LLC; and the parties having reached an amicable resolution of the issue presented to this court in accordance with the stipulations set forth below; and for good cause being shown:

It is hereby ORDERED:

WHEREAS, this case is one of over sixty (60) putative class actions filed in this court and several other courts throughout the country for damages and injunctive relief, arising from the manufacture, distribution and/or sale of pet food products by Defendant Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Midwest Corporation, and Menu Foods South Dakota, Inc. (Collectively referred to as "MENU FOODS");

WHEREAS, on March 30, 2007, Plaintiff Shirley Sexton ("Plaintiff"), a plaintiff in a related case, filed a Motion to Transfer and Coordinate or Consolidate Action Pursuant to 28 U.S.C. § 1407 to the Central District of California with the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Other parties have moved for transfer of all related actions to the Southern District of Florida, the Western District of Washington, the District of New Jersey, and the Northern District of Illinois. There are now approximately twenty-eight (28) actions pending in the District of New Jersey. While Plaintiff Sexton initially proposed centralization and transfer to the Central District of California, Plaintiff Sexton now agrees that transfer for coordination and/or consolidation of the actions to the District of New Jersey is appropriate;

WHEREAS, the MDL Panel will determine whether all actions, including this action, should be transferred and coordinated and/or consolidated under 28 U.S.C. § 1407 for pretrial proceedings. The MDL Panel has set this matter for hearing on May 31, 2007 in Las Vegas, Nevada; and

WHEREAS, the parties believe that in the short intervening time between now and a decision by the MDL Panel on transfer and coordination and/or consolidation, a stay of these proceedings will conserve party and judicial resources.

IT IS HEREBY STIPULATED by and between the Plaintiff and Defendants, Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Midwest Corporation, and Menu Foods

South Dakota, Inc. through their designated counsel that this matter, including the deadlines for the parties to participate in class certification and other pretrial proceedings, be stayed pending the establishment of In re: Pet Food Products Liability Litigation, MDL Docket No. 1850, and the potential subsequent transfer of this case for coordinated pretrial proceedings with other actions pending throughout the country.

All parties shall, during the pendency of the stay of this matter, comply with their duty to preserve all evidence that may be relevant to this action. This duty extends to documents, electronic data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, or carriers who possess materials reasonably anticipated to be the subject of discovery in this action. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be the subject of discovery under Fed. R. Civ. P. 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of materials, the party must, to the extent practicable for the pendency of this order, either:

i)  halt such business practices;

ii) sequester or remove such material from the business process; or

iii) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

Dated: _____

                                                The Honorable Noel L. Hillman
United States District Court Judge

I hereby consent to the form and substance of this Stipulation and Order

*[signature]*
Joseph J. DePalma, Esq.
Lite DePalma Greenberg & Rivas, LLC
Attorneys for Plaintiff
Dated: April 30, 2007

I hereby consent to the form and substance of this Stipulation and Order

*[signature]*
Gerard H. Hanson, Esq.
Hill Wallack LLP
Attorneys for Defendants
Dated:

{F:\wdox\docs\014210\00001\01570221.DOC; 1}